# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-0500V
### Filed: September 14, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| MICHAEL C. KING, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Kathy Ann Lee, Cline, Farrell, et al., Indianapolis, IN, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 15, 2015, Michael C. King ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") after receiving the influenza vaccine on December 10, 2012. Petition at 1. On January 28, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 25).

On August 15, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 29).[2] Petitioner requests attorneys' fees in the amount of $14,858.00[3]

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The motion was filed as an unopposed motion. Additionally, petitioner's counsel represented to the OSM staff attorney managing this case that the parties had agreed upon a rate of $230 and total amounts listed in the motion. *See* Informal Remark, dated Sept. 14, 2016.

[3] Although petitioner's motion indicates counsel's normal rate is $500 per hour, petitioner's counsel informed the OSM staff attorney managing this SPU by a telephone message on September 14, 2016

and attorneys' costs in the amount of $4,167.00 for a total amount of $19,025.00. Petitioner's Motion at ¶¶ 6-7.  In accordance with General Order #9, petitioner's counsel represents both that petitioner incurred no out-of-pocket expenses and that petitioner's counsel "will reimburse Petitioner for any personal litigation costs compensable under the Vaccine Act from the award of attorney's fees and costs in this case."  *Id.* at ¶ 7.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $19,025.00[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Kathy Ann Lee.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

that the parties had agreed upon a rate of $230 per hour for this case and that the amount sought for attorneys' fees ($14,858.00) represents 64.6 hours of work at a rate of $230 per hour.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.